## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF ILLINOIS

| | | | |
|---|---|---|---|
| ALTMAN, et al. | ) | | |
| Plaintiffs, | ) | Case No.: | 10 C 5619 |
| | ) | | |
| v. | ) | | |
| | ) | Judge Manish S. Shah | |
| HELGESEN, at al. | ) | | |
| Defendants | ) | | |

## ORDER

Defendants' motion to bifurcate trial [145] is granted.

## Statement

Bifurcation should not be routinely ordered. As plaintiffs point out, liability and damages are typically presented together, with the jury deliberating only once. Nevertheless, Fed. R. Civ. P. 42(b) affords the district court discretion to bifurcate claims or issues when doing so will promote economy (among other reasons). I find that defendants have met their burden to demonstrate that bifurcation is warranted.

In this case, the two plaintiffs, approximately four treating physicians, and two expert witnesses will all testify to damages. Even assuming some overlap in witnesses on both liability and damages, it is clear from the briefs and the oral argument of counsel this morning that the overlap is one of witness identity, not testimony. Limiting the witnesses to testimony about liability will not prevent plaintiffs from presenting additional testimony from the same witnesses (the two plaintiffs and potentially one of the treating physicians) at a damages phase. Further, unlike cases in which there is a risk that issues are presented twice, thereby implicating the Seventh Amendment, here, there is no such risk (and plaintiffs do not raise a Seventh Amendment objection to bifurcation). It is quite clear to me that the quantum of damages evidence—from both a trial time and factual complexity perspective—is significantly greater than the liability evidence.

Plaintiffs oppose bifurcation on the grounds that having their damages witnesses on standby would impose costs and uncertainty in scheduling the proceedings. I find that the efficiency of having the jury focus first on the issue of liability outweighs the risk of the damages phase becoming cumbersome. This is particularly so in this case, where the liability issues are narrow and will not take a significant amount of trial time. Plaintiffs also argue that they would not have agreed to depose and potentially call only four of Altman's 33 treating physicians had they known the trial might be bifurcated. After reviewing the record, however, it appears the decision to limit the scope of medical testimony at trial was simply a reasonable case

management decision relative to plaintiffs' damages case as a whole. That the trial will be bifurcated does not undermine plaintiffs' practical choice.

Finally, while it may be natural for the jurors to want to know the consequences of the shooting, their attention and focus is best directed at the defendant officer's conduct as an initial matter.


Date:  7/1/14                           /s/ _____
                                        Manish S. Shah
                                        UNITED STATES DISTRICT JUDGE

2