IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CHAZ ALTMAN, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 10 CV 5619 |
| | ) | |
| KIRK HELGESEN, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Plaintiffs' objection to page 61, line 13 through page 62, line 6 of the deposition of Officer Ben Munji is overruled in part, and sustained in part.

## STATEMENT

At the pretrial conference on July 15, 2014, plaintiffs raised an objection to the defendants' use at trial of a portion of the deposition of Officer Ben Munji. In the contested portion of the deposition, Munji testified that he was on the verge of shooting plaintiff Altman because the plaintiff was a direct threat to Helgesen. Munji testified that he believed the plaintiff was a threat to Helgesen's life and threatened great bodily harm. When asked to explain how the plaintiff was a threat, Munji testified that plaintiff had a knife, and that he was approaching aggressively. Munji believed plaintiff's next action was to harm Helgesen with the knife. Munji added that he felt he needed to stop the plaintiff to save Helgesen's life.

Plaintiffs object to this testimony on the grounds that Munji's state of mind is irrelevant to the jury's determination of the reasonableness of Helgesen's conduct.

1

In addition, plaintiffs argue that Munji's testimony is akin to improper testimony that blesses—in hindsight—the reasonableness of an officer's decision to discharge his weapon.

It is true that Munji's subjective belief about the propriety of shooting the plaintiff is not relevant, and any testimony than an officer would have shot the plaintiff if he were in Helgesen's shoes would be "of no legal import." *See Terrell v. Smith*, 668 F.3d 1244, 1254 (11th Cir. 2012). But most of Munji's deposition testimony does not go so far, and is not an opinion based on a hypothetical scenario. I find that Munji's observations and decision to act (or not act) in a certain way are relevant to the totality of the circumstances that the jury must consider. The fact that Munji was on the verge of shooting Altman and observed Altman to be a direct threat to Helgesen is not an opinion, it is a fact from a percipient witness. I note that Munji's testimony does not opine on whether his choices were reasonable. The testimony that Munji did not shoot because Munji "had a cross fire" with other officers is also not an opinion, but an observation from Munji. It is also an explanation for his inaction that I find is relevant to the jury's consideration of the events that actually occurred as related by an eyewitness on the scene. Given that the jury will likely be instructed that it must decide whether Helgesen's use of force was unreasonable based on what Helgesen—not anyone else—knew at the time, I find that there is little risk of unfair prejudice from most of Munji's testimony. The jury will understand the question it is to decide.

Munji's testimony includes a conclusion about his belief that Helgesen's life was in danger, and includes the witness using the phrase "great bodily harm." Munji's testimony also strayed into a hypothetical scenario that did not occur, when he stated that he felt he needed to stop the plaintiff to save Helgesen's life. There is a risk that a jury would place undue weight on that testimony when considering the question of whether a reasonable officer would believe that the plaintiff's actions created an imminent danger of death or serious bodily harm. Munji's observations about the threatening nature of Altman's actions are relevant, but his conclusions that he believed Helgesen's life was in danger and that Altman, if successful, would do great bodily harm, are more confusing and unfairly prejudicial than they are relevant to the jury's assessment of Helgesen's conduct. Pursuant to Fed. R. Evid. 403, Munji's deposition at page 61, line 22-23 will be stricken (starting with ", to his life and – I believed to his life and to do great bodily harm") as will page 62, lines 5 through 6 (starting with ", and I felt that I needed to stop that to save Officer Helgesen's life"). The remainder of Munji's testimony at page 61, line 13 through page 62, line 5, is relevant and admissible.

ENTERED:

Date: 7/17/14

_____
Manish S. Shah
UNITED STATES DISTRICT JUDGE