IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CHAZ ALTMAN, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 10 CV 5619 |
| | ) | |
| KIRK HELGESEN, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Subject to the proper foundation being established at trial and the redactions detailed below, the audio recording of the 911 call and radio transmissions of the Gurnee police department is admissible.

## STATEMENT

Defendants offer a recording containing both 911 calls and radio transmissions by Village of Gurnee personnel that relate to the events at issue in this trial. After hearing the bases of admissibility offered by defendants, and the objections by plaintiffs during the pretrial conference (including the plaintiffs' filing on July 22 [183]), I find as follows:

Statements by Female Caller. Certain statements by the female 911 caller are inadmissible hearsay, in that they are out-of-court statements by the female caller, being offered for the truth of matter, and not subject to an exception to the hearsay rule. These statements include alleged statements by the party opponent, Altman, but that does not cure the initial hearsay of the female caller's statements to the 911 operator. Page 2, line 23 through Page 3, line 1 (", and her husband has said that he has done a lot of cocaine tonight."), and Page 3, lines 22 through 24 ("He says he's gonna be in the middle of the street waiting for you guys. He knows I'm calling.") are not admissible. For the same reason, Page 4, lines 3 through 17 are not admissible.

Defendants do not suggest that the statements should come in as not offered for the truth, but simply for what the female caller heard. *See Junior v. Anderson*, 724 F.3d 812, 814 (7th Cir. 2013). But even if that were the basis for admissibility, in the context of this case where the focus ought to be on what was known to

1

defendant Helgesen, I find that these statements would become an unnecessary distraction outweighing their probative value, and thus inadmissible under Fed. R. Evid. 403. As discussed below, the circumstances as defendant Helgesen understood them to be (not offered for the truth) are admissible, but there's been no showing that Helgesen was listening to the caller's conversation with the 911 operator.

The other statements by the female caller to the 911 operator are admissible as present sense impressions (Fed. R. Evid. 803(1)) and are relevant to the jury's understanding of the actual scene of events on Pacific Avenue in Gurnee.

<u>Dispatch and Officer Radio Transmissions</u>. Defendants also offer recordings of dispatcher(s) and officers communicating with each other as the events unfold. In addition to a foundation objection concerning the times certain statements were made, plaintiffs object on hearsay, relevance, and unfair prejudice grounds. Plaintiffs also dispute defendants' ability to demonstrate that Helgesen was aware of these communications.

Defendants say they can establish the identity of the individual speakers, the approximate time of the recording, and the fact that defendant Helgesen was aware of these transmissions. Helgesen's understanding of the situation is relevant, and as noted in *Junior*, 724 F.3d at 814, evidence of what one heard, as distinct from testimony to the truth of what one heard, is not hearsay.

The communications on Page 6, lines 16 through Page 8, line 19, are admissible if defendants can establish (as a threshold foundational, admissibility matter) that Helgesen was aware of these communications. On that score, the deposition testimony cited by both defendants and plaintiffs is neither conclusive nor authoritative for present purposes. Based on my review of the excerpt of Helgesen's deposition, [183-1], defendants have a basis to ask Helgesen whether he was listening to the entirety of the dispatch and officer transmissions. I will be able to determine if a necessary foundation has been established only after hearing from Helgesen at trial. If the recording is admitted, I will give a limiting instruction cautioning the jury that these statements are not offered for the truth of the matter but only for the purpose of establishing what Helgesen understood.

The dispatcher's statements on Page 9, lines 17 through 18 ("10-4. We got local for a suicide attempt on June 6th of this year.") and Page 12, lines 11 through 14 ("The June incident he was just threatening and hit himself in the head with a light bulb. The name was Charles Altman. Got a gang hit on him as well.") are relevant and admissible for the same reasons set forth above—not for the truth of the matters, but as what Helgesen heard—but I find that the reference to a prior suicide attempt and gang affiliation are too prejudicial to be cured by a limiting instruction. These statements will not be published and will be redacted from any transcript provided to the jury.

The remainder of the statements on Page 10, line 22 through Page 13, line 3 are admissible as information heard by Helgesen (not offered for the truth, and subject to the foundation point mentioned above).

The statements on Page 13, line 5 through Page 15, line 20, are present sense impressions of the eyewitnesses on the scene and are admissible whether Helgesen heard them or not. The statements that are not present sense impressions in this section of the recording (*e.g.*, Page 13, lines 16 through 18 ("Do not fire yet")), are admissible non-hearsay questions and commands. Defendants also argue that these statements are excited utterances, Fed. R. Evid. 803(2), and based on the transcript of the recording, I find that they are.

ENTERED:

Date: 7/22/14

                                               Manish S. Shah
                                               UNITED STATES DISTRICT JUDGE